People v Brunson (2019 NY Slip Op 07351)





People v Brunson


2019 NY Slip Op 07351


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


4655/11 10064A 5829/11 10064

[*1] The People of the State of New York, Respondent,
v
Thaddeus Brunson, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Judgments, Supreme Court, New York County (Gregory Carro, J. at suppression hearing; Charles H. Solomon, J. at pleas and sentencing), rendered May 21, 2013, convicting defendant of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of two to four years, unanimously affirmed.
The hearing court providently exercised its discretion in reconsidering its ruling that had granted suppression of certain evidence, and in denying suppression after permitting the People to establish that there had been a typographical error in a grand jury transcript relied upon by the court when it had made its initial ruling. In the initial ruling, the court had discredited an officer's testimony on the specific basis of a purported one-word inconsistency between the officer's hearing and grand jury testimony. This ruling was rendered invalid by a "flaw in the proceeding" (People v Williams, 7 NY3d 15, 21 [2006]), in that the court made its determination on a transcript later found to be objectively and undisputedly inaccurate. The new information that the grand jury stenographer had inaccurately transcribed the single word at issue only "increased the likelihood that the motion to suppress would be decided correctly, based on the best available evidence of what really happened" (id. at 20). The considerations of finality and the risk of tailoring evidence discussed in People v Kevin W. (22 NY3d 287 [2013]) and People v Havelka (45 NY2d 636 [1978]) were minimal or nonexistent because the grand jury stenographer made an essentially ministerial correction and did not present any new evidence on the underlying suppression issues.
The court's ultimate ruling, which denied suppression, was supported by the record. There is no basis for disturbing the
court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK